UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARON BROWN,

                Plaintiffs,

-against-

WORLD HEALTH ORGANIZATION; UNITED NATIONS; ANTONIO GUITERES; AMENESTY INTERNATIONAL; PLANNED PARENTHOOD,

                Defendants.

24-CV-7216 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Sharon Brown, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. She alleges that Defendants "abused Israel and caused terrorism." (ECF 1, at 5.) She names as Defendants the World Health Organization, the United Nations, António Guterres, Amnesty International, and Planned Parenthood.

    By order dated September 25, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On December 6, 2024, the Court denied Plaintiff's request for preliminary injunctive relief and a temporary restraining order. On February 27, 2025, Plaintiff filed an amended complaint. For the following reasons, the Court dismisses the amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges the following: "All groups listed have abused Israel and caused terrorism to initiate and persist and we've had to counter and dominate Gaza."[1] (ECF 1, at 5.) Plaintiff also alleges that "they harm Israel in thought word or deed and we eradicate, eliminate, decimate and dismantle them." (*Id.*) Plaintiff proclaims that "[t]hey all speak harmful blood libels and antisemitic words against the Bible." (*Id.*) She claims that "[t]hey pretend Israel is mentally ill for having invisible God who spoke to Abraham Isaac Jacob Adam and Eve Moses Joshua Caleb Isaiah Zachariah Paul Peter etc and having angels speak to them." (*Id.*)

In the injury section of the complaint, Plaintiff states that "[t]hey try to stop Jews, Israel from living Bible, believing in Yahweh Elohim Hashem, believing in life." (*Id.* at 6.) She seeks to "seize all assets from Egypt, Islamic countries . . . stop pay to slay earning by terrorists who's families get paid when they explode or terrorize Israel." (*Id.*) She includes in the relief section the number 1,000,000,000,000,000,000,000, but it is unclear if she seeks this amount of money in damages or if this number refers to something else entirely.

## DISCUSSION

Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise. The Court uses standardized capitalization.

2012) (citation and internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997).

To demonstrate standing, a plaintiff must show that: (1) she has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests with the party bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Moreover, "a generalized grievance, no matter how sincere, is insufficient to confer standing. A litigant raising only a generally available grievance . . . and seeking relief that no more directly and tangibly benefits him than it does the public at large . . . does not state an Article III case or controversy." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (internal quotation marks and citation omitted).

Here, the complaint describes Plaintiff's position on Israel. This position, however, is not a claim because it lacks factual support demonstrating that a defendant caused Plaintiff to suffer an actual injury that is redressable by a federal court. She therefore lacks standing to bring this action, and consequently, the Court dismisses the action for lack of subject matter jurisdiction. *See Mahon*, 683 F.3d at 62 (noting that where "plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." (internal quotation marks and citation omitted)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's amended complaint cannot be cured with amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:   March 7, 2025
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge